(No. 81-CC-1282- ▮▮▮▮▮▮)

KENNETH TAM, Claimant, v. THE STATE OF ILLINOIS
Respondent.

*Opinion filed August 12, 1982.*

STEPHEN J. BROUSSARD, for Claimant.

TYRONE C. FAHNER, Attorney General (SANDRA L. ANDINA, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is a claim for the return of an automobile or its reasonable value which was allegedly seized illegally from Claimant on December 12, 1978. A hearing was held before a commissioner of the Court on October 21, 1981, wherein the evidence was taken. On March 23,

1982, oral argument was held before the full Court sitting in special session in Chicago, Illinois.

Mr. Tam, the Claimant herein, testified that he purchased a certain 1976 Pontiac automobile on August 5, 1977, from A & D Auto Rebuilders, that he paid the sum of $4,725.00 for the automobile and an additional $150.00 for a battery and tires, and that he received a title to the vehicle from the Secretary of State following the purchase.

On December 12, 1978, the State police seized the vehicle from the Claimant without a warrant and retained possession for some time. The record is unclear as to its current whereabouts. Mr. Tam delivered the original certificate of title issued by the Secretary of State to an assistant State's Attorney at a grand jury proceeding. Other than testifying before the grand jury, Claimant has not been called as a witness in any criminal action. Admitted into evidence without objection were Claimant's exhibit A, being a bill of sale for the automobile, Claimant's exhibit B, being a State of Illinois tax form, and Claimant's exhibit C, being a copy of the Illinois certificate of title showing ownership in the Claimant's name.

The Respondent produced no witnesses but offered into evidence the police report pursuant to Rule 14 of the Rules of the Court of Claims. The Claimant promptly objected to its admission and reiterated his objection at oral argument. Over that objection the commissioner hearing the case admitted the police report, stating its admission was "for whatever value it has." (Hearing tr. 14, lines 12, 13 and 19, 20.)

We have carefully considered this evidence issue and it is our holding that police reports are inadmissible

as evidence under Rule 14 in a case such as this. Rule 14 reads as follows:

> "All records and files maintained in the regular course of business by an department, commission, board, agency or authority of the State of Illinois, and all departmental reports made by any officer thereof relating to any matter or case pending before the Court shall be prima facie evidence of the facts set forth therein, . . ."

The rule is a corollary to and an expansion of Supreme Court Rule 236. (Ill. Rev. Stat. 1977, ch. 110A, par. 236.) Supreme Court Rule 236 governs the admission of business records into evidence in proceedings before the triers of fact in the courts of the judiciary of this State. If certain tests for guarantees of reliability, accuracy, and trustworthiness are met, the records are admissible. The Rules of the Supreme Court of Illinois are incorporated by reference and made a part of the Rules of the Court of Claims by Court of Claims Rule 2, except to the extent the Court of Claims provides otherwise. Court of Claims Rule 14 expands the supreme court rule in that it elevates the weight of the evidence to *prima facie* evidence of the facts set forth in the documents described in the rule.

Economy and efficiency are the purposes behind Rule 14. The government of the State of Illinois is an extremely large, diverse, and widespread operation. In order for the Court of Claims to function on a practical level Rule 14 was necessary. The *prima facie* nature of the records, files, and departmental reports compiled from such records enables us to resolve claims more quickly with less work and expense for the parties. Departmental reports are especially invaluable in the lapsed appropriation claims.

The admission of business records into evidence is an exception to the hearsay rule. The exception was created because, assuming a proper foundation is laid,

the records have certain circumstantial probabilities of trustworthiness, not common to ordinary hearsay, which make them a practical substitute for cross-examination of the persons who actually create the records. Rule 14 evidence was accorded *prima facie* weight because the records of the State of Illinois have that much more probability of trustworthiness than Rule 236 evidence.

Rule 236(b) does not expressly bar the admission of police records *per se* but excludes the applicability of the business record exception contained in Rule 236(a) to accident reports. The exclusion from evidence of police records is governed by common law. (*Handbook of Illinois Evidence*, Edward W. Cleary and Michael H. Graham (1979), p. 448.) Police records such as the one offered into evidence in this case consist of summary and details of information and speculation gleaned from an investigation. Many aspects of them are double hearsay. If offered to prove the truth of the statements contained therein they contain none of the circumstantial probabilities of trustworthiness associated with business records. Respondent argues that the report in this case was of the Department of Law Enforcement and not just a mere police report. (Oral argument tr. 11, lines 10, 11.) We think that the fact that the police report in this case was compiled by the Illinois Department of Law Enforcement, an agency of the State, does not somehow make the conclusions and facts stated therein so much more reliable that we should not disallow its admission, as would be done in the circuit courts, but admit it and then treat it as *prima facie* evidence.

Not only is the rationale behind admission of business records lacking with a police report, the purposes of economy and efficiency behind Rule 14 in the handling of cases in the Court of Claims are far outweighed by the

problems of the hearsay nature of such reports. The effect of admission of evidence under Rule 14 is to shift the burden of going forward with the evidence. In this case the Respondent would have had the Claimant subpoena the potential witnesses from the information in the police report, confront them at the hearing, and then rebut *prima facie* evidence by proving the negative. This is an unfair burden to place on the Claimant in this type of case. The *prima facie* nature of Rule 14 evidence and its effect on the burden of proof necessitates our use of caution in guarding against its potential for abuse.

This opinion is not to be construed in any way as a reflection on the Department of Law Enforcement. Its records, files, and departmental reports will continue to be admitted as Rule 14 evidence in the same manner as those of other State agencies.

Based upon the evidence, we find that the Claimant has proven the allegations in his complaint. The damages sustained by the Claimant are the sum of $4,725.00, the purchase price, and $150.00 for improvements, less reasonable depreciation from August 5, 1977, the purchase date, to December 12, 1978, the date of the seizure. Although no direct evidence was submitted as to the depreciation, we find $1,000.00 to be a reasonable amount of depreciation. It is hereby ordered that Claimant be, and hereby is, awarded ths sum of $3,875.00.