(No. 86-CV-0796– 

*In re* APPLICATION OF LILLIE CAGE

*Order filed August 7, 1986.*
*Opinion filed October 25, 1990.*

DEVEREUX BOWLEY, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. TYSON, JR., Assistant Attorney General, of counsel), for Respondent.

ORDER

PER CURIAM

This claim arises out of an incident that occurred on February 7, 1985. Lillie Cage, grandmother of the

deceased victim, Donna Marie Tolliver-Cruse, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71, *et seq*.

This Court has carefully considered the application for benefits submitted on January 24, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's granddaughter, Donna Marie Tolliver-Cruse, age 26, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on February 7, 1985, the victim was stabbed by an offender who was known to her. The incident occurred in an apartment which they shared at 8008 S. Ridgeland, Chicago, Illinois. Police investigation revealed that the incident occurred following a verbal dispute between the offender and the victim over rent money. The offender then produced a knife and stabbed the victim several times. The victim was pronounced dead on arrival at Jackson Park Hospital. The offender was apprehended, prosecuted and convicted of murder.

3. That section 76.1(e) of the Act states that the Claimant is eligible for compensation if the victim and the assailant were not sharing the same household at the time the crime occurred.

4. That it appears from the investigatory report that the victim and the assailant were sharing the same household at the time the crime occurred.

5. That the Claimant has not met required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

Poch, J.

This claim arises out of an incident that occurred on February 7, 1985, in the city of Chicago. The Claimant's granddaughter, Donna Marie Tolliver-Cruse, was the victim of a homicide occurring at 8000 South Ridgeland Avenue, Chicago, Illinois.

The Claimant, Lillie Cage, filed an application for benefits in a timely manner seeking reimbursement of funeral expenses for the decedent in the sum of $3,059.00.

The claim was actually denied based upon the investigatory report of the Attorney General. The Claimant objected and the claim was assigned to a Commissioner of this Court for a hearing and recommendation.

The evidence is undisputed that the decedent was the victim of a violent crime to wit: murder. The assailant, Lamont Brown, was convicted of the murder. The funeral bill is not disputed.

The dispute concerns whether or not the decedent and her assailant were sharing the same household at the time the crime occurred. Pursuant to section 76.1(d) of the Crime Victims Compensation Act (Ill. Rev. Stat. 1979, ch. 70, par. 76.1(d)), a Claimant is not entitled to compensation if the victim and the assailant were sharing the same household.

Both the Claimant and her daughter, Emma Hammons, testified that the assailant did not live in the same household as the victim. Ms. Hammons stated that

she resided with the decedent until approximately two weeks before her death.

The victim's sister, Lolita Tolliver, testified that she was the girlfriend of the assailant and was a witness to the decedent's death. She also resided with the decedent and testified that Lamont Brown never resided in that household.

Respondent sought to introduce evidence that the decedent and assailant resided together by the offer of Chicago police department reports. No police officers were called to testify. The reports that Respondent sought to introduce into evidence stated in part that the decedent and assailant resided together. The Claimant objected to the offer of this evidence.

Supreme Court Rule 236(b) provides that police accident reports are not admissible as a record or memorandum made in the regular course of business.

It is well-settled that police reports are generally not admissible into evidence. *People v. Morris* (1978), 65 Ill. App. 3d 155, 382 N.E.2d 383; Ill. Rev. Stat. 1983, ch. 38, par. 115—5(c)(2); *People v. Watkins* (1981), 98 Ill. App. 3d 889, 424 N.E.2d 701.

Police reports are not admissible as business records pursuant to Court of Claims Regulations, sec. 790.140 (74 Ill. Admn. Code 790.60). See, *Tam v. State*, 35 Ill. Ct. Cl. 805.

The police reports in this case are inconsistent concerning the address of the assailant.

The credible evidence supports the conclusion that the Claimant is entitled to compensation in the form of reimbursement for the payment of the decedent's funeral expense. The evidence adduced at the hearing

supports the Claimant's contention that the victim and the assailant did not live in the same household.

Pursuant to section 76.1(e) of the Crime Victims Compensation Act, the Claimant is eligible for compensation where the victim and the assailant were not sharing the same household at the time of the crime. The victim and the assailant were not sharing the same household at the time the victim was murdered by the assailant.

The Claimant has met the required conditions precedent for compensation under the Crime Victims Compensation Act.

It is hereby ordered: that the Claimant, Lillie Cage, be awarded the sum of Three Thousand Fifty-Nine ($3,059.00) dollars as and for the costs paid to the Williams Funeral Home for the burial costs of the deceased victim, Donna Marie Tolliver-Cruse.