(No. 88-CV-0496— <span style="background:black">      </span>

*In re* APPLICATION OF RALPH J. HOPKINS

*Opinion filed December 3, 1993.*

*Order filed August 22, 1995.*

LEGAL ASSISTANCE FOUNDATION (DEVEREUX BOWLY, of counsel), for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

586

## OPINION

FREDERICK, J.

This cause comes before the Court on the application of Claimant, Ralph J. Hopkins, for benefits pursuant to the Illinois Crime Victims Compensation Act. The application was filed on January 15, 1988. The history of the case indicates the Attorney General filed his investigatory report on November 1, 1989, and the Court entered an order denying the claim on January 4, 1990. The basis for the denial was a finding by the Court that the Claimant's conduct contributed to his injury to such an extent as to warrant that the Claimant be denied entitlement to compensation.

On January 22, 1990, the Claimant requested a hearing before the Commissioner assigned to the case to contest the initial denial of the claim based on the Respondent's investigatory report. The Commissioner tried the case on December 14, 1990, on the issue of liability only. The Court learned at the oral arguments that there was a tacit agreement between counsel to try the issue of liability bifurcated from the issue of damages. In the event the Claimant prevailed and damages could not be stipulated to, a second trial would be held to determine damages. While this procedure may not be the most economical in time for the parties and the Court, this procedure is not disapproved in crime victims cases. This procedure may be useful in many crime victims cases where damages are easily ascertainable and the Attorney General has the ability and staff to ascertain the statutory damages. However, it would help ensure judicial economy if the parties would advise the Commissioners of disputed damage issues in crime victims cases, where possible, so that all fact issues can be determined in one trial. By allowing this

procedure of bifurcation in crime victims cases, we acknowledge that crime victims cases are different than most other cases and that this bifurcated procedure can be appropriate in crime victims cases.

At the trial on liability before the Commissioner, the Claimant testified that one week prior to March 5, 1987, he gave a ride to an acquaintance named Janice who worked at a tavern located at 511 S. St. Louis. Janice objected to the fact that Claimant was going to stop at a few places before taking her home. Janice decided to get out of Claimant's car and to find another means of getting home. On March 5, 1987, Claimant went to the tavern located at 511 S. St. Louis. Janice was sitting by the door. Janice shoved Claimant in the face and the lights went out in the tavern. After the lights went out, Claimant was stabbed. Claimant denied that he started the fight which led to his injury.

The Respondent called no witnesses. The Respondent sought to introduce the police reports which indicate that Claimant may have started the fight. The Claimant objected to the introduction of the police reports and the Commissioner sustained the objection pursuant to the authority of *Tamm v. State* (1982), 35 Ill. Ct. Cl. 805. Without the police reports, the only evidence before the Court is the Claimant's testimony indicating he did not start the altercation. The Claimant argues that police reports are inadmissible hearsay. The Respondent argues that the Crime Victims Compensation Act allows the Commissioner and the Court to consider all evidence helpful to the determination of the Claimant's right to benefits. (740 ILCS 45/13.1(b).) Section 13.1(b) states that at "hearings held under this Act before Commissioners of the Court of Claims, any statement, document, information or matter may be received in evidence if in the opinion of the Court or its Commissioner such evidence

would contribute to a determination of the claim, *regardless of whether such evidence would be admissible in a court of law."* (Emphasis added.)

Normally police reports are not admissible in a court of law except for purposes of impeachment of the officer's testimony. We have held as we did in *Tamm, supra,* that in cases other than crime victims cases police reports are normally inadmissible. However, the statute in crime victims cases specifically allows for the receipt of any document in evidence regardless of its admissibility in a court of law if either the Court or Commissioner is of the opinion that such document would contribute to the resolution of the case.

While in most cases, we would agree that police reports should not be admissible, we do find that there are crime victims cases where police reports may be helpful and should be admitted. Where witnesses are deceased, unavailable or refuse to testify, police reports may help the Court in resolving the issues. In such cases, the Court must consider the weight to be given to such reports in the face of testimony at the trial which is the subject of cross-examination. Generally more weight will be given to live witnesses who are subject to cross-examination or where the police reports are inconsistent. *In re Application of Cage* (1990), 43 Ill. Ct. Cl. 443.

The trial transcript indicates that the Commissioner believed police reports were inadmissible under any circumstances. Because of this belief and because the trial only considered liability and not damages, we remand this case to the Commissioner assigned to the case for a new trial. In the event the Respondent is unable to present witnesses and attempts to admit police reports, the Commissioner should make a finding based on section 13.1(b) (740 ILCS 45/13.1(b)), as to admissibility.

Based on the foregoing, the case is remanded to the Commissioner assigned to the case with directions to set a retrial of the case in accordance with the findings of this opinion.

## ORDER

FREDERICK, J.

The parties have entered into a stipulation whereby the Attorney General's Office recommends that a payment in the amount of $2,040 be made to the Claimant, Ralph Jerome Hopkins, for loss of earnings.

Wherefore, it is hereby ordered that a payment in the amount of $2,040 be made to the Claimant, Ralph Jerome Hopkins, for loss of earnings.

It is further ordered that this case be closed.